IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STANTON ROSS, | ) |
|         Plaintiff, | ) |
| vs. | )   Case No. 11-2189-JAR |
| ENTERPRISE BANK & TRUST, | ) |
|         Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Stanton Ross filed this action seeking to compel defendant Enterprise Bank & Trust ("the Bank") to produce brokerage statements issued by a broker to the Bank relating to the Bank's sale of securities pledged by plaintiff following default on a loan. This matter is before the Court on the Bank's Motion to Dismiss Second Amended Complaint (Doc. 28) brought pursuant to Fed. R. Civ. P. 12(b)(1) and (6).[1] For the reasons explained in detail below, the Court grants the Bank's Motion.

**I.    Plaintiff's Second Amended Petition**

The Court accepts as true the well-pleaded factual allegations in plaintiff's Second Amended Petition and draws all reasonable inferences in favor of the plaintiff.

Plaintiff resides in Kansas and the Bank is located in Missouri. Plaintiff asserts diversity jurisdiction, and contends the amount in controversy, without interest and costs, exceeds $75,000

---

[1] Because plaintiff filed a Second Amended Petition in response to the Bank's Motion to Dismiss First Amended Complaint, the Court denies the Bank's Motion to Dismiss Amended Complaint (Doc. 20) as moot.

as specified by 28 U.S.C. § 1332(a). Plaintiff also asserts federal question subject matter jurisdiction, and alleges that questions exist regarding the Securities Exchange Act of 1933 as codified at 15 U.S.C. § 77 and the Securities Exchange Act of 1934 as codified at 15 U.S.C. § 78(m).

Plaintiff obtained a loan from defendant's branch office in Kansas, secured by stock owned by plaintiff in Infinity Energy Resources, Inc. ("IFNY") and Digital Ally, Inc. ("DGLY"). Both are publicly traded companies registered with the United States Securities and Exchange Commission ("SEC"). Plaintiff is the Chief Executive Officer of both companies. IFNY has in excess of 300 shareholders; DGLY has over 1,000 shareholders. Pursuant to an alleged default of the loan by plaintiff, the Bank notified plaintiff by letter dated March 7, 2011 that it had sold shares of IFNY stock to be applied toward the loan balance.

Because plaintiff is CEO of IFNY and DGLY, he asserts he is required by the Securities Exchange Act to disclose to the public any sales of stock within forty-eight hours of sale by filing a "Form 4: Statement of Changes in Beneficial Ownership," that is made available to the public for online review. Although the Bank is in possession of the data needed, it has refused to provide plaintiff with the data to complete Form 4. IFNY currently fails to meet the reporting requirements required by the Securities Exchange Act. Plaintiff also needs certain data to complete another SEC Form 10, and attaches copies of both forms to the Petition. Specifically, plaintiff requests copies of the brokerage statements provided by the selling securities broker that will provide the following data necessary to complete Forms 4 and 10:

- name of security sold;
- nature of disposition;

- number of shares sold at each price point and the price of such sale;

- date of sale for each block sold at such price point;

- how the shares are held;

- the identity of all persons who have investment control on the decision to sell over the shares being sold;

- whether each transaction was a principal or agent transaction; and

- number of plaintiff's shares remaining after each sale/trade.

Plaintiff asserts that the Bank is required by "Federal and State banking statutes" to provide such data to him. He further asserts that failure to file Forms 4 and 10 directly harms the public as the shares of IFNY and DGLY are being traded on the open markets daily by persons who do not possess this information, and are therefore making investment decisions without sufficient and required information. By not providing plaintiff with the data needed to file the forms with the SEC, plaintiff asserts that the Bank is subjecting him to liabilities from shareholders in excess of $75,000, which inevitably would result in multiple lawsuits against plaintiff.

Based on these factual allegations, plaintiff requests the Court to compel the Bank to produce the data described in the Second Amended Petition as well as the brokerage statements that provide evidence of the same, within twenty-four (24) hours of the order. Plaintiff does not assert any request for declaratory relief, or any specific claims or counts against the Bank, nor does it seek any damages. Plaintiff's Motion for Temporary Injunction (Doc. 18) was denied

without prejudice to renew once the Court ruled on the Bank's pending motion to dismiss for lack of subject matter jurisdiction (Doc. 24).

## II. Discussion

The Bank seeks to dismiss the Second Amended Petition on alternative grounds: 1) that the Court lacks subject matter jurisdiction based on either diversity or federal question jurisdiction; and 2) the Petition fails to state a claim upon which relief can be granted. The Court discusses each in turn.

### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and exercise jurisdiction only when authorized to do so.[2] Federal jurisdiction can be challenged at any time and plaintiff bears the burden of showing that the court has subject matter jurisdiction.[3] A facial attack, such as this, relies on the allegations in the complaint.[4] "[W]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."[5] Moreover, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[6]

### 1. Diversity Jurisdiction

Title 28 U.S.C. § 1332(a) provides that federal district courts have original jurisdiction for civil actions when there is diversity of jurisdiction between the parties and the amount in

---

[2] *Burdett v. Harrah's Kan. Casino Corp.*, 260 F. Supp. 2d 1109, 1112 (D. Kan. 2003).

[3] *Id.*

[4] *Holt v. United States*, 46 F. 3d 1000, 1002-03 (10th Cir. 1995).

[5] *Penteco Corp. v. Union Gas Sys.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations and quotations omitted).

[6] Fed. R. Civ. P. 12(h)(3).

4

controversy is in excess of $75,000. For purposes of determining the amount in controversy, the amount claimed by the plaintiff controls if the claim is apparently made in good faith.[7] When federal subject matter jurisdiction is challenged based on the amount-in-controversy requirement, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."[8] The burden is on the party asserting jurisdiction to show it is not legally certain that the claim is less than the jurisdictional amount.[9] "There is a strong presumption favoring the amount alleged by the plaintiff."[10]

Merely alleging damages in excess of $75,000 is not sufficient to meet plaintiff's burden of establishing that jurisdiction is proper. Although plaintiff is not required to specify an exact amount of damages, he "must allege enough facts to convince the Court that recoverable damages will bear a reasonable relation to the minimum jurisdictional requirement."[11] In the Second Amended Petition, plaintiff alleges only that he will be subject to future, speculative third-party lawsuits that would cost in excess of $75,000 to defend. As the Bank points out, plaintiff does not allege a claim in indemnity or other basis for liability upon the Bank that would render his potential liability to shareholders for his failure to comply with securities laws one for which the Bank has liability. Such conclusory and speculative allegations fall short of alleging facts that would establish that such damages exceeded the jurisdictional minimum.

---

[7]*Alpine Atl. Mgmt. AG v.Comstock*, 552 F. Supp 2d 1268, 1273 (D. Kan. 2008) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *Adams v. Reliance Std. Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000)).

[8]*Id*. (quoting *Adams*, 225 F.3d at 1183).

[9]*Id*.

[10]*Woodman of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003).

[11]*Klocek v. Gateway, Inc.*, 104 F. Supp. 2d 1332, 1343 (D. Kan. 2000) (citation omitted).

Accordingly, the Bank's motion to dismiss for lack of diversity jurisdiction is sustained.

### 2. Federal Question Jurisdiction

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."[12] "A case arises under federal law if its 'well- pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[13] Plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[14] Mere allegations of jurisdiction are not enough.[15]

Plaintiff alleges that "a federal question exists regarding the Securities Exchange Act of 1933 as codified at 15 U.S.C. § 77 and the Securities Exchange Act of 1934 as codified at 15 U.S.C. § 78(m)." In order to determine whether a claim "arises under" federal law, the Court refers to the "well-pleaded complaint rule."

> The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the facts of the plaintiff's properly pleaded complaint.[16]

The Court finds that plaintiff's Second Amended Petition fails to adequately present a question of federal law. Plaintiff's general references to the Securities Exchange Acts are

---

[12] 28 U.S.C. § 1331.

[13] *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

[14] *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[15] *Id.* at 798.

[16] *Sharp v. Wellmark, Inc.*, 744 F. Supp. 2d 1191, 1194 (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

insufficient to meet this burden. While these laws may impose obligations upon plaintiff, there is no reference to any claim or requirement under federal law that the Bank is required to disclose certain information to plaintiff. Instead, this claim appears, at best, to invoke liability under unspecified "state banking statutes" or for state law indemnity. Thus, the Petition fails to allege sufficient facts to establish the existence of a federal question upon which federal subject matter jurisdiction may be asserted pursuant to 28 U.S.C. § 1331.

B.     **Failure to State a Claim**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[17] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[18] For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[19] The court first determines if the allegations are factual and entitled to an assumption of truth, or legal conclusions that are not entitled to an assumption of truth.[20] Second, the court determines whether the factual allegations "plausibly give rise to an entitlement to relief."[21] "A claim has facial plausibility when the plaintiff pleads factual content

---

[17]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[18]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[19]*Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949–50 (2009).

[20]*Id.* at 1950.

[21]*Id.*

7

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22]

Assuming, *arguendo*, that the Court had subject matter jurisdiction over plaintiff's claims, it would dismiss the Second Amended Petition for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Plaintiff relies on SEC Forms 4 and 10 to establish that he must be given copies of brokerage statements between the Bank and its broker. These forms, which are attached to the Petition,[23] do not set forth or implicate a requirement for delivery of brokerage statements by a lender to a borrower upon sale of stock pledged as collateral. Moreover, the Petition does not set forth any specific claims or counts, or any elements related to any claims imposing liability against the Bank. Instead, plaintiff makes no more than a conclusory allegation that the Bank is obligated to provide various data. Because conclusory allegations are not enough to withstand a motion to dismiss,[24] the Court grants the Bank's motion to dismiss on these grounds as well.[25]

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss Second Amended Complaint (Doc. 28) is GRANTED; defendant's Motion to Dismiss Amended Complaint (Doc. 20) is denied as moot.

---

[22]*Id.* at 1949.

[23]*See Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) ("A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal.").

[24]*Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (citing *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244-45 (10th Cir. 2009)).

[25]To the extent plaintiff attempts to assert any state law claims, the Court also declines to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3); *see Estate of Harshman v. Jackson Hole Mountain Resort*, 379 F.3d 1161, 1164 (10th Cir. 2004) ("Seeking to vindicate values of economy, convenience, fairness, and comity underlying the judicially-created doctrine of pendent jurisdiction, Congress granted statutory authority to district courts to hear claims that form 'part of the same case or controversy' as the claims on which original federal jurisdiction is based.").

**IT IS SO ORDERED.**

Dated: May 26, 2011

                                                       S/ Julie A. Robinson
                                                      JULIE A. ROBINSON
                                                      UNITED STATES DISTRICT JUDGE